UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA M. MORGANTHALER, | NO.  C14-5419-RSL-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jessica M. Morganthaler appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

## I.   FACTS AND PROCEDURAL HISTORY

At the time of the alleged onset date, plaintiff was a 19 year-old woman with a high school education and some community college work.  Administrative Record ("AR") at 513. Her past work experience includes employment as a doorkeeper, animal caretaker, cashier, stock clerk and child monitor. AR at 513.  Plaintiff was last gainfully employed in 2013.  AR

REPORT AND RECOMMENDATION - 1

1    at 499.  Plaintiff asserts that she is disabled due to lumbar strain, depression and anxiety.  AR

2    at 500.

3           The Commissioner denied plaintiff's claim initially and on reconsideration.  AR at 485-

4    96.  After remand of her initial appeal, plaintiff requested a second hearing which took place

5    on February 19, 2014.  AR at 524-86.  On March 18, 2014, the ALJ issued a decision finding

6    plaintiff not disabled and denied benefits based on his finding that plaintiff could perform

7    specific jobs existing in significant numbers in the national economy.  AR at 495-515.

8    Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. No. 3.

9

10                          II.      JURISDICTION

11          Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§

12   405(g) and 1383(c)(3).

13                        III.      STANDARD OF REVIEW

14          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

15   social security benefits when the ALJ's findings are based on legal error or not supported by

16   substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

17   Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

18   such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

19   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

20   (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

21   medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*,

22   53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a

23   whole, it may neither reweigh the evidence nor substitute its judgment for that of the

24   Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

REPORT AND RECOMMENDATION - 2

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.    EVALUATING DISABILITY

As the claimant, Ms. Morganthaler bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§

404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

1    consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§

2    404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the

3    claimant is unable to perform other work, then the claimant is found disabled and benefits may

4    be awarded.

5                                    V.    DECISION BELOW

6         On March 18, 2014, the ALJ issued a decision finding the following:

7    1.    Born on XXXXX, 1989, the claimant had not attained age 22 as of
           May 1, 2009, the alleged onset date, and attained age 22 on XXXXX,
8          2011.[2]

9    2.    The claimant meets the insured status requirements of the Social
           Security Act on her own record from January 1, 2013, through
10         September 30, 2014.

11   3.    The claimant engaged in substantial gainful activity during periods in
           2012 and 2013.

12
13   4.    However, there has been a continuous 12-month period(s) during
           which the claimant did not engage in substantial gainful activity.  The
           remaining findings both alternatively address the claimant's condition
14         while engaging in the work discussed above, as well as period(s) the
           claimant did not engage in substantial gainful activity.

15   5.    The claimant has the following severe impairments:  lumbar strain,
           depression, and anxiety.
16
17   6.    The claimant does not have an impairment or combination of
           impairments that meets or medically equals the severity of one of the
           listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
18
19   7.    After careful consideration of the entire record, the undersigned finds
           that the claimant has the residual functional capacity to perform light
20         work, as defined in 20 CFR 404.1567(b) and 416.967(b), that does not
           require more than occasional stooping, squatting, kneeling, or
21         crouching; and that is low stress meaning that it consists of basic,
           simple tasks with predictable routines, that require known expectations
22         on a consistent basis, do not require more than occasional superficial
           interaction with the general public, and do not require more than
           occasional interaction with coworkers.
23

24        _____
          [2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 5

8.      At all times relevant to this decision, the claimant has been unable to perform any past relevant work.

9.      The claimant was born on XXXXX, 1989 and was 19 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.[3]

10.     The claimant has at least a high school education and is able to communicate in English.

11.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

12.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

13.     The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2009, through the date of this decision.

AR at 499-514.

## VI.      ISSUES ON APPEAL

The principal issues on appeal are:

1.      Whether Substantial Evidence Supported the ALJ's Finding at Step One that Plaintiff Performed SGA.

2.      Whether the ALJ Provided Clear and Convincing Reasons to Discredit Plaintiff.

3.      Whether the ALJ Provided Legally Sufficient Reasons to Reject Medical Opinions.

4.      Whether the ALJ Provided Germane Reasons to Reject Lay Evidence.

5.      Whether Given These Errors, Substantial Evidence Still Supported the RFC, Hypothetical Questions, and the Step Five Findings.

Dkt. No. 21 at 1-3.

---

[3]  The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 6

1

VII.    DISCUSSION

2

A.    The ALJ Did Not Err at Step 1

3        Plaintiff argues that the ALJ erred by concluding that plaintiff's employment during

4    limited periods in 2012 and 2013 was substantial gainful activity ("SGA").  The ALJ found

5    that from October 1, 2012 through February 1, 2013, plaintiff worked at Lacey Grocery Outlet,

6    earning $5,216.00 during the four month period.  He also found that her average earnings per

7    month of $1,304 per month exceeded the presumptive level of $1,010 per month in 2012 and

8    $1,040 in 2013, that ordinarily shows work was done at a substantial activity level as set out in

9    20 C.F.R. § 404.1574.  AR at 499.  "Substantial gainful activity is work that is both substantial

10    and gainful[.]"  20 C.F.R. §§ 404.1572, 416.972.  It is work activity that involves doing

11    significant physical or mental activity, even if it is done on a less than full time basis.  *Id.* at

12    (a).  It must also be activity that is ordinarily done for pay or profit.  *Id.* at (b).  If a claimant is

13    able to engage in substantial gainful activity he will not be found to be disabled.  20 C.F.R. §§

14    404.1571, 416.971.

15        The regulations also provide, however, that work may be done under certain "special

16    conditions that take into account [one's] impairment" and that such special conditions may

17    include situations in which the claimant "require[s] and receive[s] special assistance from other

18    employees."  20 C.F.R. §§ 404.1573(c), 416.973(c).  The regulations further provide that work

19    will not be considered "substantial gainful activity" if it is performed "under special

20    conditions" that "take into account [the applicant's] impairment."  *Id.*

21        In this case, the ALJ's determination that Ms. Morganthaler had engaged in substantial

22    gainful activity is supported by substantial evidence.  First, there is no dispute that the actual

23    earnings of plaintiff exceeded the presumptive level of income.  Second, the ALJ specifically

24    found that this was not a "unsuccessful work attempt" as defined by the regulations.  20 CFR

REPORT AND RECOMMENDATION - 7

§§404.1574 (c)(4), 416.974(c)(4).  Substantial evidence exists in the record that the requirements necessary to qualify as an "unsuccessful work attempt" were not present.  This is also true of plaintiff's work at Rite Aid in July and August 2013.  In addition, substantial evidence exists in the record to support the finding that plaintiff left the position in anticipation of the birth of a child, rather than as a result of an impairment.  AR at 500.

The ALJ did not err at the Step 1 inquiry.

B.     The ALJ Erred in His Evaluation of the Medical Evidence

1.     *Standards for Reviewing Medical Evidence*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted.  *Magallanes*, 881 F.2d at 751.  If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is.  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988).  "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.* (citing *Magallanes*, 881 F.2d at 751).  The ALJ must do more than merely state his/her conclusions.  "He must set forth his own interpretations and explain why they, rather than the doctors', are correct."  *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).  Such conclusions must at all times be supported by substantial evidence.  *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Orn*, 495 F.3d at 632-33.

> 2.    *The ALJ Erred in Assessment of the Mental Impairment Evidence*

Notwithstanding *Orn's* clear direction regarding the weight to be given to examining and treating doctors as opposed to those who have never seen a patient, the ALJ gave "little weight" or only "some" weight to the opinions of 7 acceptable medical sources who saw or treated and evaluated plaintiff's mental impairments. AR at 509-51. *All* of these physicians were of the view that plaintiff's mental impairments exceeded those found by the ALJ.

The ALJ's RFC, instead, is based upon opinions of two state consultative doctors, who never examined plaintiff, and the opinion of a medical expert called to testify, who similarly never evaluated plaintiff. In doing so, the ALJ failed to follow the appropriate legal standards

REPORT AND RECOMMENDATION - 9

for weighing and evaluating medical evidence.  The Court cannot conclude that the ALJ's RFC is supported by substantial evidence and without legal error.

This matter should be remanded with instructions to reevaluate ALL medical evidence, and to do so in accordance with the standards set forth above.  If the ALJ needs to have yet another physical or mental evaluation of plaintiff, he should order one.  However, he should not substitute his own views on medical issues for that of the physicians.

C.      Remaining Issues

Because the errors in the evaluation of the medical evidence permeate the rest of the decision, the ALJ is directed to conduct a complete *de novo* hearing on all issues, with the exception of the Step inquiry.  The Court has concluded the ALJ did not err at Step 1.

VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **February 27, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 6, 2015**.

REPORT AND RECOMMENDATION - 10

1       This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

2   seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

3   assigned District Judge acts on this Report and Recommendation.

4       DATED this 13th day of February, 2015.

5

6                                          _____

7                                 JAMES P. DONOHUE
                                  United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 11